UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTH ADVOCATES INC.,

      Plaintiff,

  v.                                Case No.: 8:05-cv-1827-T-24TBM

MICHAEL J. ASTRUE,
*Commissioner of Social Security
Administration*,[1] et al.,

      Defendants.

_____/


## ORDER

      This cause comes before the Court on Defendant Commissioner of the Social Security

Administration's Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the

alternative, for failure to state a claim upon which relief can be granted pursuant to Rule

12(b)(6). (Doc. No. 53.) Plaintiff Health Advocates, Inc. opposes this motion. (Doc. No. 58.)

For the reasons stated herein, Defendant's Motion is granted in part and denied in part.

**I.      Procedural and Factual Background**

      Plaintiff is a Florida corporation with its principal place of business in Tampa, Florida.

(Pl's. Am. Compl. ¶ 1.) It operates as a Medicare set-aside firm, assisting injured workers,

---

      [1]On February 20, 2007, Michael J. Astrue became the Commissioner of the U.S. Social Security Administration. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

workers' compensation carriers, and attorneys with structuring workers' compensation settlements that comply with the Medicare Secondary Payer ("MSP") statute and implementing regulations by verifying whether an individual receiving a workers' compensations settlement is or will soon become eligible for Medicare.  (*Id.* at ¶ 12.)  If the workers' compensation beneficiary is Medicare-eligible or likely to become eligible in the near future, Plaintiff assists the insurance carrier in setting up a Medicare set-aside trust, which is funded using the portion of the settlement proceeds that are intended to compensate the beneficiary for medical expenses. (*Id.*)

Defendant is the Commissioner of the United States Social Security Administration ("SSA").  (*Id.* at ¶ 2.)  The SSA maintains a nationwide database of information about beneficiaries to SSA programs, including the dates upon which individual beneficiaries become or will become eligible to receive benefits under such programs, including Medicare.  (*Id.* at ¶ 15.)  This database is accessible by computer to employees at all SSA field offices.  (*Id.*)

Plaintiff alleges that, until recently, it was able to obtain entitlement information about workers' compensation beneficiaries through the Tampa field office simply by submitting a signed consent from the individual beneficiary.  (*Id.* at ¶ 17.)  SSA personnel would then check the nationwide database to confirm whether the individual was Medicare eligible or could reasonably be expected to become eligible within 30 months.  (*Id.*)  Plaintiff submitted approximately 500 of these information requests each month for a period of several years, and the SSA filled each request free of charge.  (*Id.*)  During this period, the SSA did not require that requests for information be submitted to the SSA field office nearest to the beneficiary's home,

2

but instead honored all requests for entitlement information at the office where they were submitted.  (*Id.*)

Beginning in early 2005, the Tampa field office changed its policies and practices with respect to requests for entitlement information made by such third parties on behalf of beneficiaries.  (*Id.* at ¶ 18.)  Under the new policy, the Tampa field office would honor a beneficiary's request to have his or her entitlement information forwarded to a third party, such as Plaintiff, only if the beneficiary lived in the geographic area served by that office.  (*Id.*)  Requests for information about beneficiaries who lived outside that area were sent to the office nearest the beneficiary's residence. (*Id.*)  Because of this new policy, Plaintiff is now required to send every request for entitlement information to the field office closest to each beneficiary's residence.  (*Id.* at ¶ 20.)  As part of this new policy, the Tampa field office also began charging a fee for entitlement information requests submitted by third parties such as Plaintiff.  (*Id.* at ¶ 19.)

On September 30, 2005, Plaintiff filed its original Complaint and Petition for Injunctive Relief against the Commissioner and other SSA officials.  (Doc. No. 1.)  Defendant filed a Motion to Dismiss the original Complaint, arguing that the Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim.[2]  (Doc. No. 8.)  The Magistrate Judge assigned to this case, the Honorable Thomas B. McCoun, III, considered the Motion at a hearing on July 28, 2006.  (Doc. No. 38.)  At the hearing, the parties' arguments largely focused on whether the Court has subject matter jurisdiction to hear the case.  (Doc. No. 58, Ex. A.)

---

[2]Plaintiff filed a Response in Opposition to the Motion (Doc. No. 11), Defendant filed a Reply (Doc. No. 13), and Plaintiff filed a Sur-reply (Doc. No. 26).

3

On August 2, 2006, five days after the hearing, but before Magistrate Judge McCoun entered his Report and Recommendation on the Motion, Plaintiff filed a Motion for Leave to Amend its Complaint, specifically in order to assert an equal protection claim.  (Doc. No. 39.) On October 13, 2006, Magistrate Judge McCoun entered his Report and Recommendation, in which he concluded that Plaintiff's attempt to state an equal protection claim would not be futile. (Doc. No. 45.)  Therefore, he recommended that Plaintiff be permitted to amend its Complaint and that Defendant's Motion to Dismiss be denied as moot.  The Court adopted Magistrate Judge McCoun's Report and Recommendation on November 1, 2006.  (Doc. No. 47.)

On November 10, 2006, Plaintiff  filed a two-count Amended Complaint and Petition for Injunctive Relief against the Commissioner individually and in his official capacity.[3] (Doc. No. 48.)  Generally, Plaintiff alleges that Defendant's new policy of requiring Plaintiff to send its requests for entitlement information to the office nearest where the beneficiary lives and to pay a fee for the information is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.  (*Id.* at ¶¶ 36-40.)  Plaintiff further alleges that Defendants have engaged in discriminatory and unequal treatment by imposing the geographic restriction and the fee on Plaintiff's requests, when the same requirements are not imposed on similarly-situated requesters for information.  (*Id.* at  ¶ 26.)

---

[3]Plaintiff's Amended Complaint differs from the original Complaint in the following ways: (1) It eliminates any claims against other SSA officials; (2) It asserts that this is an action arising under the equal protection component of the Fifth Amendment's due process clause; and (3) It adds five new paragraphs concerning its equal protection claim.  (*See* Pl's. Am. Compl. ¶¶ 26-29.)  The underlying factual allegations contained in Counts I and II of the Amended Complaint are the same as those in the original Complaint.

Plaintiff has since voluntarily dismissed its claims against the Commissioner in his individual capacity; therefore, the only remaining claims before the Court are those against the Commissioner in his official capacity.  (Doc. No. 57.)

In Count I, Plaintiff requests that the Court enter an injunction against the unreasonable geographic restrictions and fees SSA has imposed on Plaintiff's requests for entitlement information.  (*Id.* at ¶ 41).  Plaintiff further requests that the Court direct the SSA either: (1) to return to its former practice of honoring such requests at the Tampa field office without imposing a fee or (2) to formulate a reasonable and consistent nationwide policy regarding entitlement-information requests by Medicare set-aside firms such as Plaintiff.  (*Id.*)  In Count II, Plaintiff requests an award of attorneys' fees and costs.  (*Id.* at ¶¶ 42-43.)

## II.     Discussion

The Court begins its analysis by stating that, although Plaintiff has filed both a Complaint and an Amended Complaint and the parties have filed numerous motions and responses in this case, it is still unclear to the Court exactly what claims Plaintiff is attempting to assert against Defendant.  At the very least, however, after reviewing the motion and responses,[4] and the transcript of the hearing before Magistrate Judge McCoun,[5] the Court assumes that Plaintiff is alleging that Defendant's conduct in applying the new policy against Plaintiff, but not against

---

[4]In its Response in Opposition to the instant Motion to Dismiss, Plaintiff adopted its Response (Doc. No. 11) and Sur-reply (Doc. No. 26) in Opposition to Defendant's first Motion to Dismiss.  (Doc. No. 58, p. 5.)  Therefore, in considering the instant Motion to Dismiss, the Court has considered Plaintiff's Response and Sur-reply to Defendant's first Motion to Dismiss.

[5]Plaintiff filed a transcript of the July 28, 2006 hearing before Magistrate Judge McCoun as Exhibit A to its Response in Opposition to Defendant's Motion to Dismiss.  (Doc. No. 58, Ex. A.)  At the hearing, the parties argued at length regarding the Court's subject matter jurisdiction. Plaintiff's counsel explained that Plaintiff was attempting to invoke the jurisdiction of the Court in two ways: (1) that the Court has jurisdiction to review Defendant's arbitrary and capricious conduct under § 706 of the APA; and (2) that 28 U.S.C. § 1331 provides the Court an independent grant of jurisdiction to review agency action.  (*Id.* at 20.)

similarly-situated requesters for information, violated Plaintiff's equal protection rights arising under the Fifth Amendment's Due Process Clause.

Defendant argues that Plaintiff's case is one that theoretically might arise under several federal statutes, including the Administrative Procedure Act, the Social Security Act, the Freedom of Information Act, or the Privacy Act. However, upon reviewing Plaintiff's Amended Complaint and its responses to Defendant's Motions, the Court concludes that Plaintiff has not conclusively identified any other cause of action other than its equal protection claim. In fact, nowhere in Plaintiff's Amended Complaint–or in its original Complaint for that matter–does Plaintiff mention the Administrative Procedure Act, the Social Security Act, the Freedom of Information Act, or the Privacy Act. Therefore, the Court assumes for purposes of ruling on Defendant's Motion, that Plaintiff is not alleging any claim other than its equal protection claim.

### A.      Standard of Review

In the instant Motion to Dismiss, Defendant asserts virtually the same arguments for dismissal that it asserted in its first Motion to Dismiss–that the Court lacks subject matter jurisdiction under 12(b)(1), or alternatively, that Plaintiff has failed to state a claim upon which relief can be granted under 12(b)(6). (Doc. No. 58.) When ruling on a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), "the district court must look to the way the complaint is drawn to see if is it drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681, 66 S. Ct. 773, 775, 90 L. Ed. 939 (1946). Even if an allegation could be more specific, it is still adequate if shows that the matter in controversy "arises under the Constitution of the United States." *Id.* at 682, 66 S. Ct. at 776.

However, a district court should only rely on Rule 12(b)(1) "if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). If a jurisdictional challenge does implicate the merits of the underlying claim then "[t]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits." *Id.* The question of the court's jurisdiction "becomes intertwined with the merits of a cause of action when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Morrison v. Amway Corp.*, 323 F.3d 920, 926 (11th Cir. 2003) (quotation and citation omitted).

The Court concludes that the issue of the Court's subject matter jurisdiction is intertwined with the merits of the case, and therefore, the Court should proceed under the Rule 12(b)(6) standard of review. In the third paragraph of Plaintiff's Amended Complaint entitled "Jurisdiction and Venue," Plaintiff alleges that "[t]his is an action arising under the equal protection component of the Fifth Amendment's due process clause which prohibits government officials from selectively applying law in a discriminatory way and to enforce the constitutional rights of the Plaintiff." (Pl's. Am. Compl. ¶ 3.) This equal protection claim provides Plaintiff with both the basis for the Court's subject matter jurisdiction and its substantive claim for relief. Defendant's challenge to Plaintiff's equal protection claim implicates the merits of the claim because Defendant is challenging the claim, at least in part, on the grounds that Plaintiff has failed to allege that Defendant applied its policy without rational justification.

Under the Rule 12(b)(6) standard of review, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v.*

*Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). The standard on a 12(b)(6) motion is not whether the plaintiff may ultimately prevail on its theory, "but whether allegations are sufficient to allow [the plaintiff] to conduct a discovery in an attempt to prove [its] allegations." *Jackson v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

### B.    Plaintiff's Equal Protection Claim

The Court concludes that Defendant's Motion to Dismiss must be denied to the extent that Plaintiff is asserting an equal protection challenge to Defendant's policy. In equal protection cases, if a plaintiff is not part of a protected class, the Court analyzes the plaintiff's claims under a rational basis standard of review. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439-40, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). On a rational basis review, the challenged conduct is "presumed valid and will be sustained if the classification drawn by [it] is rationally related to a legitimate [government] interest." *Id.* at 440, 105 S. Ct. at 3254. Therefore, to state a claim under the Fifth Amendment's equal protection component in this context, Plaintiff must allege that Defendant's application of the challenged policy has been applied to it without rational justification. *See id.*, 105 S. Ct. at 3254.

Defendant argues that Plaintiff's equal protection claim was a last-ditch effort to avoid dismissal and that Plaintiff sought leave to amend its Complaint to add the "magic words" regarding equal protection solely for the purposes of obtaining jurisdiction. In Plaintiff's original Complaint, it alleged jurisdiction only under 28 U.S.C. § 1331 and did not allege a

violation of any specific Constitutional right or federal statute.  It was not until the hearing

before Magistrate Judge McCoun, when Plaintiff was facing the possibility of dismissal of its

suit, that Plaintiff first mentioned its desire to proceed with an equal protection claim.  "[A] suit

may sometimes be dismissed for want of jurisdiction where the alleged claim under the

Constitution or federal statues clearly appears to be immaterial and made solely for the purpose

of obtaining jurisdiction . . . ."  *Bell*, 327 U.S. at 682-83; 66 S. Ct. at 776.

      The Court finds that under the Rule 12(b)(6) standard of review, Plaintiff has sufficiently

alleged a violation of its equal protection rights.[6]  Plaintiff alleges that Defendants have engaged

in, and continue to engage in, discriminatory and unequal treatment of Plaintiff by singling it out

for irrational and arbitrary treatment by requiring that it send its requests for entitlement

information to the office nearest where the beneficiary lives and to pay a fee for the information.

(Pl's. Am. Compl. ¶ 26.)  According to Plaintiff, the same requirements are not imposed on

similarly-situated requesters for information, such as banks, insurance companies, and hospitals,

nor are the requirements imposed on individual beneficiaries.  (*Id.* at ¶ 27.)  As a result, Plaintiff

alleges that it has been denied the equal protection of the law because Defendants' application of

this policy constitutes intentional and purposeful discrimination.  (*Id.* at ¶ 28.)  The Court

concludes that these allegations are sufficient to withstand a 12(b)(6) challenge, and therefore,

Plaintiff may proceed with its equal protection claim.

---

[6]Although the Fifth Amendment does not have an equal protection clause, equal
protection rights are incorporated into the Fifth Amendment through its Due Process Clause.
*Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2, 95 S. Ct. 1225, 1228, 43 L. Ed. 2d 514 (1975).

**III.     Conclusion**

Accordingly, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 53) is **GRANTED IN PART and DENIED IN PART**.  Defendant's Motion is denied to the extent that Plaintiff is asserting an equal protection challenge to Defendant's policy.  However, to the extent that Plaintiff is attempting to assert any other cause of action other than its equal protection claim, those claims are dismissed without prejudice.

**The pretrial conference previously scheduled in this case for Tuesday, April 17, 2007 at 8:30 a.m. is hereby rescheduled to THURSDAY, APRIL 19th, 2007 at 9:30 a.m.**

**DONE AND ORDERED** at Tampa, Florida, this 9th day of April, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record